United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Donald L. Chouinard,                                          Case No. 05-67679-R
                   Debtor.                                     Chapter 7
_____/

Supply Side Sales, Inc., Livonia Building
Materials Co., and Mark Wilkie,
                  Plaintiff,

v.                                                                                        Adv. No. 05-5909

Donald L. Chouinard,
                  Defendant.
_____/

Opinion Regarding Defendant's Motion to Dismiss Amended Complaint

I.

On August 29, 2005, Donald Chouinard filed for chapter 7 relief. On December 2, 2005, Livonia Building Materials and Mark Wilkie filed a complaint against Chouinard to determine dischargeability of debt. In the complaint, the plaintiffs alleged that Chouinard, as an officer and director of Supply Side Sales, diverted sales to a company known as DLC, of which Chouinard was the president. They also alleged that Chouinard made false representations to the plaintiffs with respect to the assets, business and finances of Supply Side Sales in order to induce the plaintiffs to extend credit to Supply Side Sales. The plaintiffs sought a determination that debts owed by Chouinard were nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).

On December 7, 2005, Chouinard filed a motion to dismiss the complaint for failure to state a

claim. On January 6, 2006, the plaintiffs filed a response to the motion to dismiss. On February 2, 2006, the Court issued an order requiring the plaintiffs to amend their complaint to allege more specific facts in support of their claims. The Court also set a hearing on the motion to dismiss.

On February 8, 2006, the plaintiffs filed their amended complaint. The amended complaint added Supply Side Sales as a plaintiff. Wilke is a shareholder of Supply Side. In support of the claim under § 523(a)(4), the amended complaint states that Chouinard incorporated DLC in 1999 for the purpose of selling construction supplies. The complaint further states that Chouinard had a duty to disclose to Supply Side and its other shareholders his involvement with DLC. The complaint alleges that Chouinard diverted sales from Supply Side to DLC. The complaint alleges that these actions constitute fraud or defalcation while acting in a fiduciary duty.

The amended complaint no longer specifically refers to § 523(a)(2)(A). However, in the wherefore clause, the plaintiffs request "an order determining Plaintiffs' claims to be nondischargeable pursuant to 11 U.S.C. § 523(a)(4), or pursuant to other provisions of 11 U.S.C. § 523(a) found to be applicable." See Amended Complaint at p. 3.

On February 14, 2006, Chouinard filed a motion to dismiss the amended complaint. The Court conducted a hearing on the motion to dismiss on March 2, 2006. Following the hearing, the Court requested additional briefs and took the matter under advisement.

II.

Chouinard contends that the complaint should be dismissed because § 523(a)(4) is limited to situations involving an express or technical trust relationship arising from placement of a specific *res* in the

hands of the debtor. Chouinard asserts that the complaint lacks any allegation as to the existence of an express or technical trust.

Chouinard also contends that the complaint should be dismissed because Supply Side was not identified as a plaintiff in the original complaint and the amended complaint adding Supply Side as a plaintiff does not relate back to the date of the original complaint. Without Supply Side as a plaintiff, Chouinard asserts that the Court lacks jurisdiction over the complaint.

To the extent that the plaintiffs are attempting to include any other section of § 523(a) in their complaint by their broad wherefore clause, Chouinard argues that they are barred by Fed. R. Bankr. P. 4007.

The plaintiffs argue that even if they do not have a claim for defalcation while acting in a fiduciary duty, the defendant's actions may constitute embezzlement under § 523(a)(4), fraud under § 523(a)(2)(A), and/or a willful and malicious injury under § 523(a)(6). The plaintiffs contend that because they requested an order determining their claims to be nondischargeable pursuant to any section of § 523(a) found to be applicable, they are not limited to a cause of action under § 523(a)(4).

III.

In effect, this complaint constitutes a derivative shareholder suit. In general, a derivative shareholder suit is brought by one or more shareholders suing in a representative capacity. M.C.L. 450.1492a(b).

M.C.R. 2.201(B) states that "[a]n action must be prosecuted in the name of the real party interest." Thus, Supply Side Sales is a necessary party to the suit because it is Supply Side's claim that is asserted

3

in this suit. *Dean v. Kellogg*, 294 Mich. 200, 207 (1940) ("As to the defendants charged with defrauding it, the corporation is an indispensable party.").

As noted, Supply Side was not initially identified as a plaintiff and was not added until February 8, 2006, when the plaintiffs filed their first amended complaint. Chouinard argues that the amended complaint does not relate back to the date of the original complaint because it asserts a new cause of action - a shareholder derivative suit. Chouinard asserts that the amended complaint is time barred under Fed. R. Bankr. P. 4007.

In *Hoye v. McCoy* (*In re McCoy*), 157 B.R. 705 (Bankr. M.D. Fla. 1993), corporate shareholders commenced nondischargeability proceedings against the debtor, contending that the debt fell within the fraud exception to discharge. The complaint was amended after the bar date to add the corporation as a party. The debtor sought dismissal on the grounds that the complaint was time barred. The court considered whether the amended complaint related back to the filing date of the original complaint. The court noted that "a corporation on whose behalf a claim is asserted by stockholders is an indispensable party to a stockholders' derivative action and the absence of a corporate litigant at least as a nominal party divests the court of jurisdiction to entertain a stockholders' derivative action." *McCoy* at 709. The court further stated that, "in a derivative action, unless a corporation is a party to the litigation, the Court lacks jurisdiction to adjudicate the rights of the corporation in the absence of the corporation being a party[.]" *Id.*

The court concluded:

> In the present instance, it is without dispute that [the corporation] was not named either as a party plaintiff or a defendant in the original Complaint.

> Therefore, this Court clearly had no jurisdiction to entertain the original Complaint to the extent that it attempted to assert a derivative claim on behalf of [the corporation]. In addition, since this Court already concluded that Mr. and Mrs. Hoye were not, and are not, creditors of this Debtor, and that they have no standing to assert a claim of non-dischargeability against the Debtor in their individual capacity, no viable complaint remained that could be cured by an amendment. This being the case, whether or not the Plaintiff now may rely on the relation back doctrine set forth in F.R.C.P. 15(c) is academic since there remained no viable complaint to which the Amended Complaint could have related back. Contrary to the Plaintiffs' contention, the Amended Complaint did not merely add [the corporation] to the Complaint as a party litigant, which is permitted by virtue of F.R.C.P. 21, as adopted by F.R.B.P. 7021. The Amended Complaint asserted for the first time a valid stockholders' derivative claim, albeit not too well articulated, which was clearly after the expiration of the bar date fixed by F.R.B.P. 4007(b).

*McCoy* at 709.

Likewise in the instant case, the plaintiffs failed to name Supply Side as a party in the original complaint. The Court therefore had no jurisdiction over the shareholder derivative suit. Although the original plaintiffs assert that they are creditors in their own right, this complaint was not filed in their individual capacity; it was filed on behalf of Supply Side. The amended complaint asserts a new cause of action, which was filed after the December 5, 2005, bar date. *See* Fed. R. Bankr. P. 4007(c).

Accordingly, the complaint is dismissed.

Not for Publication

**Entered: April 19, 2006**

                                       /s/ Steven Rhodes
                                       **Steven Rhodes**
                                       **Chief Bankruptcy Judge**

5

05-05909-swr    Doc 25    Filed 04/19/06    Entered 04/19/06 15:49:26    Page 5 of 5